UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9461 PA (KSx) | Date | July 25, 2022 |
|---|---|---|---|
| Title | John Ho v. R and R Investment Group LLC. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | None | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   In Chambers - Court Order

    Plaintiff John Ho ("Plaintiff") filed his complaint on December 7, 2021, asserting claims against defendant R and R Investment Group LLC ("Defendant").  On March 23, 2022, the Court ordered Plaintiff to effect service in accordance with the California Corporations Code requirements and file the proof of service with this Court by May 13, 2022.  On April 20, 2022, the Court directed Plaintiff to file a motion for default judgment or other appropriate dispositive motion on or before May 20, 2022.  On June 14, 2022, the Court granted a stipulation to set aside default judgment filed by defendant and ordered an Answer to be filed within thirty days.  On July 5, 2022, Plaintiff filed a Notice of Settlement.  That same day, the Court issued an Order in which it provided the parties with 10 days to file with the Court a dismissal of the action or to appear, in-person or telephonically with their clients, to place the settlement on the record.  The Court's Order warned the parties that if they did not dismiss the action or did not place the settlement on the record, the matter would remain on the Court's active trial calendar with all pretrial and trial dates in effect.

    To date, and despite the passage of time, the parties have not prosecuted the action.  The parties did not file a dismissal or arrange to place the settlement on the record within the deadline established by the Court.  Nor did Defendant file a response to the Complaint within its deadline to do so.

    The Court may dismiss with prejudice an action sua sponte if "the plaintiff fails to prosecute or to comply with the [Federal Rules of Civil Procedure] or a court order."  See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629–30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962) (dismissal for failure to prosecute); Yourish v. Cal. Amplifier, 191 F.3d 983, 987–88 (9th Cir. 1999) (dismissal for failure to comply with court order).  This inherent power supports the orderly and expeditious disposition of cases.  See Link, 370 U.S. at 629–30, 82 S. Ct. 1386, 8 L. Ed. 2d 734; Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Yourish, 191 F.3d at 987–88.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 21-9461 PA (KSx) | | Date | July 25, 2022 |
|---|---|---|---|---|
| Title | John Ho v. R and R Investment Group LLC. | | | |

    In Henderson v. Duncan, the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions."  779 F.2d 1421, 1423 (9th Cir. 1986).  Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal."  Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998) (internal citations omitted) (citing Ferdik, 963 F.2d at 1263).  Cases involving sua sponte dismissal merit special focus on the fifth Henderson factor.  Id.

    Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will be satisfied by a dismissal.  See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish, 191 F.3d at 990 (public's interest in expeditious resolution of litigation always favors dismissal)).  Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal.  See id.  The third Henderson factor of prejudice to the defendant is neutral, as continued pendency of a case alone is insufficient to find prejudice.  See Yourish, 191 F.3d at 991.

    In considering the fourth and fifth Henderson factors, the Court notes that both Plaintiff and Defendant were warned about the consequences of failing to dismiss the action or failing to place the settlement on the record.  Nevertheless, neither party has taken action.  It therefore appears that Plaintiff has abandoned efforts to prosecute this action.  Additionally, the Court intends to dismiss the claims against Defendant without prejudice.  Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996) (district court should first consider less drastic alternatives to dismissal with prejudice).

    The Court finds that the Henderson factors weigh in favor of dismissing this action.  Accordingly, the Court dismisses Plaintiff's action without prejudice for lack of prosecution.  See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986–88; Ferdik, 963 F.2d at 1260.

    IT IS SO ORDERED.